IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Jeremy DeFour,** ) | |
| **Plaintiff,** ) | |
| ) | |
| v.          ) | 1:18cv1367 (CMH/JFA) |
| ) | |
| **HSA Sadler, et al.,** ) | |
| **Defendants.** ) | |

MEMORANDUM OPINION

Jeremy DeFour, a Virginia inmate proceeding pro se, has filed a civil-rights action under 42 U.S.C. § 1983, claiming that Beth Cabell, Steve Herrick, Jessica Sadler, and Dr. Michael Brooks violated his Eighth Amendment right to receive constitutionally adequate medical care while housed at Sussex II State Prison (SIISP). By Order dated August 19, 2020, the Court granted Cabell and Herrick's motion to dismiss the claims against them. [Dkt. No. 75]. Before the Court is the motion for summary judgment filed by the remaining defendants, Dr. Brooks and Jessica Sadler, the Medical Director and Health Services Administrator (HSA), respectively, at SIISP. [Dkt. No. 56]. DeFour has received the notice required by Local Civil Rule 7(K) and Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) [Dkt. No. 58], and opposes defendants' motion [Dkt. Nos. 60, 64]. Because the undisputed facts do not demonstrate that Dr. Brooks or Jessica Sadler acted with deliberate indifference to DeFour's serious medical need, the Court will grant defendants' motion for summary judgment.

I. Background

The facts recited below, with disputes noted, have been gleaned from DeFour's verified, amended complaint and exhibits [Dkt. No. 20, Compl.], and the evidence submitted by defendants Dr. Brooks and HSA Sadler in support of summary judgment [Dkt. No. 57]. The facts

are viewed in the light most favorable to DeFour, the nonmoving party. See Bennett v. Garner, 913 F.3d 436, 438 (4th Cir. 2019).

DeFour suffers from irritable bowel disease (IBS). [Brooks Aff. ¶ 9]. He contends that the defendants prevented him from receiving two prescription medications (Bentyl and Percogesic) to treat his IBS for a one-month period between September 2, 2018 and October 2, 2018. [Id. ¶ 8]. DeFour avers that he received only a vitamin and a supplement during that period. [Id.].

DeFour additionally contends that Dr. Brooks and HSA Sadler denied his request for a single cell that would afford him uninhibited access to a toilet—a necessity because, DeFour avers, he suffers "constant diarrhea" after eating and when he experiences minor stress and anxiety. [Compl. ¶ 9]. DeFour attests that when he arrived at SIISP, he had a single cell for his three months there, from March 2016 through June 2016, but the medical department withdrew his single-cell status "without ever seeing him" because the facility needed more beds. [Id. ¶ 13]. He still did not have a single cell when he filed this lawsuit on November 1, 2018. [Id. ¶ 16; Dkt. No. 1]. Not long after, on December 20, 2018, DeFour was transferred to Wallens Ridge State Prison. [Brooks Aff. ¶ 2].

Dr. Brooks did not begin working at SIISP until July 5, 2018—two years after DeFour lost single-cell status at SIISP [Id.]. As the prison's medical director, he plays no role in scheduling inmate sick call or physician appointments. [Id. ¶ 5]. Additionally, Dr. Brooks declares that he can make housing requests for inmates "who meet certain medical criteria," but that "the final decision on the type of cell and location where an offender is housed rests with department of corrections security/housing staff at SIISP." [Id. ¶ 7].

2

DeFour's first encounter with Dr. Brooks was at the medical clinic on August 3, 2018. [Id. ¶ 11]. The purpose of the visit was "for follow-up regarding his IBS requesting to be placed in a single cell and transfer to a new correctional facility." [Id.]. Dr. Brooks reported that DeFour complained of "right sided pain with occasional constipation," concluded that his examination of DeFour was "unremarkable" and DeFour was "clinically stable," and kept in place DeFour's current treatment regime. [Id.; SA39].

A month later, on September 5, 2018, DeFour was seen by a nurse at sick call. [Brooks Aff. ¶ 12]. DeFour's medical record notes that he requested "medication renewal, pain meds, transfer to single cell facility." [SA55] The nurse informed him that he would be scheduled to see Dr. Brooks. [Brooks Aff. ¶ 12; SA55]. A few days later, on September 10, 2018, Dr. Brooks was contacted to renew DeFour's prescriptions for Fibercon and Thera tablets. [Brooks Aff. ¶ 13; SA40]. This comports with DeFour's account that he was given only a vitamin and supplement during September: Fibercon is an over-the-counter medication to relieve constipation; Thera tablets are a multivitamin. [SA155]; see https://dailymed.nlm.nih.gov/dailymed/fda/fdaDrugXsl.cfm?setid=80e507f2-d9bd-bc7b-2249-f5bfc8ac1845&type=display (last revised 12/2020); https://www.webmd.com/drugs/2/drug-17353/thera-tabs-oral/details (last visited Mar. 4, 2021).

Dr. Brooks evaluated DeFour again on September 28, 2018, and provided Plaintiff with a six-month refill for Bentyl and Percogesic. [Brooks Aff. ¶ 14; SA41, SA155–56]. The doctor avers that, until that appointment, "I was not aware Plaintiff needed a refill of prescriptions for Bentyl® or Percogesic® for the month of September 2018 as I had not received a request for a refill of these medications prior to this date." [Brooks Aff. ¶ 15]. DeFour attests that, during the appointment, he reported to Dr. Brooks that, "because he is housed in a cell with one toilette and 2 people that many times he is unable to get to the toilette due to his cell partner occupying the

3

toilette . . . and would suffer severe pain, cramps, bleeding from the rectum, [and] heavy mucus." [Compl. ¶ 19]. As documented in DeFour's medical chart, Dr. Brooks relayed to DeFour that he had spoken with SIISP security, who advised that a single cell would be available to DeFour only if he was willing to be housed in the segregation unit; DeFour declined. [Brooks Aff. ¶ 14; SA 41]. DeFour does not dispute that this conversation occurred. Still, Dr. Brooks attest that, "[a]t no time did I believe Plaintiff's gastrointestinal symptoms met medical criteria for a single cell or unrestricted access to toileting facilities at SIISP." [Brooks Aff. ¶ 26]. DeFour, on the other hand, avers that the doctor "agree[d] that the best treatment for this condition is unrestricted access to a toilette which was not possible in a double man cell" and told him that "he ha[d] no problem recommending [a] single cell and would talk to the HSA to get it ordered." [Compl. ¶¶ 23–24].

HSA Jessica Sadler attests to her role at SIISP and her interactions with DeFour. She did not begin working at the prison until September 24, 2018—nearly 2.5 years after DeFour lost single-cell status at the prison and just 3 months before his transfer to another prison. [Sadler Aff. ¶ 2]. She describes her role as administrative and managerial and explains that, even though she is a registered nurse, she does not provide clinical care at SIISP unless there is a staffing shortage or medical emergency, and that she is not authorized to write prescriptions. [Id. ¶¶ 5–6]. In that vein, she declares that she did not provide any clinical care to DeFour. [Id. ¶ 9]. Nor did she respond to any of DeFour's informal complaints or grievances, as she had delegated the task of responding to informal complaints and grievances. [Sadler Aff. ¶ 10]. She adds that she has "no role in determining offender housing at SIISP or whether an offender is transferred to another correctional facility." [Id. ¶ 7].

4

## II. Standard of Review

The Court will grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he relevant inquiry is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Gordon v. Schilling, 937 F.3d 348, 356 (4th Cir. 2019) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251–52 (1986)).

## III. Analysis

DeFour brings two claims of deliberate indifference against Dr. Brooks and HSA Sadler, one based on the alleged denial of IBS medication, and another based on Plaintiff's alleged inability to be housed in a cell with uninhibited access to a toilet. To succeed on a claim of deliberate indifference to a serious medical need, an inmate must demonstrate that objective and subjective components are met. Gordon v. Schilling, 937 F.3d 348, 356 (4th Cir. 2019). First, the inmate must show that he has a serious medical condition that has been "diagnosed by a physician as mandating treatment or is so obvious that even a lay person would easily recognize the necessity for a doctor's attention" (the objective component). Id. (internal quotation marks and citation omitted). Second, the inmate must show that the defendant "had actual knowledge of the plaintiff's serious medical needs and the related risks, but nevertheless disregarded them" (the subjective component). Id. at 357 (internal quotation marks, citation, and brackets omitted).

### A) Medication Claim

DeFour claims that Dr. Brooks acted with deliberate indifference to his irritable bowel disease by denying two medications—one for pain (Percogesic) and one to control bowel movements (Bentyl)—for a one-month period between September 2, 2018 and October 2, 2018.

5

DeFour contends that Dr. Brooks did not renew those medications, even though the doctor acknowledged that they were needed during an appointment on September 5, 2018.

The undisputed material facts do not demonstrate that Dr. Brooks acted with deliberate indifference to DeFour's asserted need for IBS medication. Although the parties dispute whether Dr. Brooks knew as of September 5, 2018, that DeFour's prescriptions required renewal, it is undisputed that by October 2, 2018, the doctor had filled them. Even if the Court were to assume as true DeFour's account, the one-month delay in renewing his prescriptions would not amount to deliberate indifference. To succeed on a claim of deliberate indifference based on delayed medical care, an inmate must prove that "the delay cause[d] substantial harm to the inmate," see Webb v. Hamidullah, 281 F. App'x 159, 166–67 & n.13 (4th Cir. 2008) (collecting cases), namely, by demonstrating that the delay caused "lifelong handicap, permanent loss, or considerable pain," see Shabazz v. Prison Health Servs., Inc., No. 3:10cv190, 2011 WL 3489661, at *6 (E.D. Va. Aug. 9, 2011) (quoting Garrett v. Stratman, 254 F.3d 946, 950 (10th Cir. 2001)).

DeFour has not made the required showing. Although he avers that he sustained an "injury to his bowel," [Compl. ¶8], he has not provided any evidence documenting an injury, nor has he even explained what the bowel injury is or the extent of any damage. Further, though DeFour exclaims that he "endured daily severe pain," [Compl. ¶ 8], that allegation must be supported by evidence of "frequent complaints of severe pain" to Dr. Brooks. Webb, 281 F. App'x at 167. It is not. Even accepting DeFour's version of events, the evidence shows that he complained to Dr. Brooks about severe pain *just one time*, during the September 28, 2018 medical appointment. [Compl. ¶ 19]. The medical record from that date does not document any complaints of severe pain. [SA 40–41, 55]. The only other evidence in the record mentioning

6

severe pain is one informal complaint dated September 16, 2018, which was processed (by someone other than Dr. Brooks) on September 26, 2018. [Compl. Ex. C4]. Because the undisputed evidence does not demonstrate that DeFour frequently complained of severe pain from lack of medication, he cannot succeed on this deliberate indifference claim against Dr. Brooks.

DeFour additionally claims that HSA Sadler acted with deliberate indifference by determining that his grievances reporting the denied medication were unfounded. To the extent a prison medical administrator could be held constitutionally liable for failing to rectify a medical issue reported in a grievance, the undisputed evidence demonstrates that Sadler did not have the requisite knowledge to have acted with deliberate indifference. Sadler did not resolve any of the grievances related to DeFour's prescriptions. [Compl. Ex. C1–C4]. Indeed, she did not even begin to work at SIISP until September 24, 2018—eight days after DeFour filed his informal complaint on September 16, 2018, two days before the response by Edgardo T. Ong on September 26, 2018, and just four days before Dr. Brooks ordered the prescription refills on September 28, 2018. [Id.; Sadler Aff. ¶ 2; SA41]. Thus, there is no evidence that Sadler was involved in the alleged delayed prescriptions, and summary judgment must be granted in her favor.

**B) Single-Cell Claim**

In his second claim DeFour alleges that Dr. Brooks and HSA Sadler prevented his transfer to a single cell with uninhibited access to a toilet, which DeFour declares is medically necessary to alleviate his IBS symptoms. Although DeFour attests that Dr. Brooks informed him that his condition warranted a single cell, in contrast to the doctor's declaration that "[a]t no time did I believe Plaintiff's gastrointestinal symptoms met medical criteria for a single cell or

7

unrestricted access to toileting facilities at SIISP," [Brooks Aff. ¶ 26], this factual dispute is not material. Regardless of whether Dr. Brooks deemed a single cell and uninhibited access to a toilet necessary, the undisputed evidence shows that the doctor, in fact, inquired about obtaining one for DeFour. The doctor was told that DeFour could be accommodated, but only if he moved to segregation. He relayed this information to DeFour, who declined the opportunity. Because Dr. Brooks sought the treatment DeFour asked for, the Court cannot conclude as a matter of law that he disregarded any risk to DeFour's purported serious medical need. Similarly, because DeFour was offered single cell, he cannot hold Sadler accountable for failing to provide a medical accommodation that he declined.[1]

### IV. Conclusion

For the reasons outlined above, and through an Order that will issue alongside this Memorandum Opinion, the defendants' motion for summary judgment [Dkt. No. 56] will be granted and plaintiff's motion to deny defendants' motion for summary judgment [Dkt. No. 64] will be denied.

Entered this 5th day of Mar. 2021.

_/s/ Claude M. Hilton_
United States District Judge

Alexandria, Virginia

---

[1] To the extent DeFour is suing the defendants in their official capacities to obtain injunctive relief, those claims have been mooted by his transfer out of SIISP on December 20, 2018. [Brooks Aff. ¶ 2]; see Rendelman v. Rouse, 569 F.3d 182, 186 (4th Cir. 2009).